Peter L. Carr, IV (State Bar No. 256104)
  *pcarr@thePLClawgroup.com*
Na'Shaun L. Neal (State Bar No. 284280)
  *nneal@thePLClawgroup.com*
Lauren K. McRae (State Bar No. 331296)
  *lmcrae@thePLClawgroup.com*
**PLC LAW GROUP, APC**
3756 Santa Rosalia Dr., Suite 326
Los Angeles, California 90008
Telephone: (310) 400-5890
Facsimile: (310) 400-5895

**NOTE: CHANGES MADE BY THE COURT**

Attorneys for Plaintiffs,
Anne Valadez and Valentino Gonzalez

**JILL WILLIAMS – State Bar No. 221793**
**CAYLIN W. JONES – State Bar No. 327829**
**CARPENTER, ROTHANS & DUMONT, LLP**
**500 S. Grand Avenue, 19th Floor**
**Los Angeles, CA  90071**
**(213) 228-0400 / (213) 228-0401 [Fax]**
**jwilliams@crdlaw.com / cjones@crdlaw.com**

Attorneys for Defendant, County of Los Angeles

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE VALADEZ and VALENTINO GONZALEZ, | Case No. 2:20-CV-3724-JAK-(SK) |
|      Plaintiffs, | *[Hon., John W. Holcomb, Dist. Judge; Hon. Steven Kim, Magistrate Judge]* |
| vs. | **[DISCOVERY MATTER]** |
| COUNTY OF LOS ANGELES; SERGEANT ADAMS, SERGEANT ALVAREZ, SERGEANT VELERA, CHIEF VIERRA and DOES 1 through 10 inclusive, | **STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS; [PROPOSED] ORDER** |
|      Defendants. | Complaint Filed:   04/23/2020<br>Trial Date:   None |

**<u>TO THE HONORABLE COURT:</u>**

By and through their counsel of record in this action, Plaintiffs Anne Valadez and Valentino Gonzalez and Defendant County of Los Angeles, "the parties", hereby stipulate for the purpose of jointly requesting that the honorable Court enter a protective order re confidential documents in this matter [and pursuant to Fed. R. Civ. P. 5.2, 7, and 26, as well as U.S. Dist. Ct., C.D. Cal., Local Rules 7-1 and 52-4.1; and any applicable Orders of the Court] – as follows:

    1.   <u>INTRODUCTION</u>

        1.1   <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Specifically, this action is likely to involve peace officer personnel files and related matter, which Defendant County of Los Angeles contends is private, ~~privileged~~ and confidential. This action is also likely to involve sensitive medical records and information which is protected by law.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file Confidential Information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

        1.2   <u>GOOD CAUSE STATEMENT</u>

Defendants contend that there is good cause and a particularized need for a protective order to preserve the interests of confidentiality and privacy in peace

1  officer personnel file records and associated investigative or confidential records for

2  the following reasons.

3  First, Defendants contend that peace officers have a federal privilege of

4  privacy in their personnel file records: a reasonable expectation of privacy therein

5  that is underscored, specified, and arguably heightened by the *Pitchess* protective

6  procedure of California law.  *See Sanchez v. Santa Ana Police Dept.*, 936 F.2d 1027,

7  1033-1034 (9th Cir. 1990); *Hallon v. City of Stockton*, 2012 U.S. Dist. LEXIS

8  14665, *2-3, 12-13 (E.D. Cal. 2012) (concluding that "while "[f]ederal law applies

9  to privilege based discovery disputes involving federal claims," the "state privilege

10  law which is consistent with its federal equivalent significantly assists in applying

11  [federal] privilege law to discovery disputes"); *Soto v. City of Concord*, 162 F.R.D.

12  603, 613 n. 4, 616 (N.D. Cal. 1995) (peace officers have constitutionally based

13  "privacy rights [that] are not inconsequential" in their police personnel records); *cf.*

14  Cal. Penal Code §§ 832.7, 832.8; Cal. Evid. Code §§ 1040-1047.  Defendants

15  further contend that uncontrolled disclosure of such personnel file information can

16  threaten the safety of non-party witnesses, officers, and their families/associates.

17  Second, Defendants contend that municipalities and law enforcement

18  agencies have federal deliberative-executive process privilege, federal official

19  information privilege, federal law enforcement privilege, and federal attorney-client

20  privilege (and/or attorney work product protection) interests in the personnel files of

21  their peace officers – particularly as to those portions of peace officer personnel files

22  that contain critical self-analysis, internal deliberation/decision-making or

23  evaluation/analysis, or communications for the purposes of obtaining or rendering

24  legal advice or analysis – potentially including but not limited to

25  evaluative/analytical portions of Internal Affairs type records or reports,

26  evaluative/analytical portions of supervisory records or reports, and/or reports

27  prepared at the direction of counsel, or for the purpose of obtaining or rendering

28  legal advice Defendants further contend that municipalities and law enforcement

1   agencies have duties to respect the privacy rights of officers and third parties to this

2   litigation, and such duties may bear on the course of discovery in this matter.  *See*

3   *Sanchez*, 936 F.2d at 1033-1034; *Maricopa Audubon Soc'y v. United States Forest*

4   *Serv.*, 108 F.3d 1089, 1092-1095 (9th Cir. 1997); *Soto*, 162 F.R.D. at 613, 613 n. 4;

5   *Kelly v. City of San Jose*, 114 F.R.D. 654, 668-671 (N.D. Cal. 1987); *Tuite v. Henry*,

6   181 F.R.D. 175, 176-177 (D. D.C. 1998); *Hamstreet v. Duncan*, 2007 U.S. Dist.

7   LEXIS 89702 (D. Or. 2007); *Admiral Ins. Co. v. United States Dist. Ct.*, 881 F.2d

8   1486, 1492, 1495 (9th Cir. 1988).  Defendants further contend that such personnel

9   file records are restricted from disclosure by the public entity's custodian of records

10  pursuant to applicable California law and that uncontrolled release is likely to result

11  in needless intrusion of officer privacy; impairment in the collection of third-party

12  witness information and statements and related legitimate law enforcement

13  investigations/interests; and a chilling of open and honest discussion regarding

14  and/or investigation into alleged misconduct that can erode a public entity's  ability

15  to identify and/or implement any remedial measures that may be required.

16          Third, Defendants contend that, since peace officers do not have the same

17  rights as other private citizens to avoid giving compelled statements, it is contrary to

18  the fundamental principles of fairness to permit uncontrolled release of officers'

19  compelled statements.  *See generally Lybarger v. City of Los Angeles*, 40 Cal.3d

20  822, 828-830 (1985); *cf.* U.S. Const., amend V.

21          Accordingly, Defendants contend that, without a protective order preventing

22  such, production of confidential records in the case can and will likely substantially

23  impair and harm defendant public entity's interests in candid self-critical analysis,

24  frank internal deliberations, obtaining candid information from witnesses,

25  preserving the safety of witnesses, preserving the safety of peace officers and peace

26  officers' families and associates, protecting the privacy officers of peace officers,

27  and preventing pending investigations from being detrimentally undermined by

28  publication of private, sensitive, or confidential information – as can and often does

4

Case No. 2:20-CV-3724 JAK (SK)

1   ~~result in litigation.~~

2        ~~1.2.    Plaintiff does not agree with and does not stipulate to~~

3   ~~Defendants' contentions herein above, and nothing in this Stipulation or its~~

4   ~~associated Order shall resolve the parties' disagreement, or bind them, concerning~~

5   ~~the legal statements and claimed privileges set forth above.~~

6        ~~However,~~ plaintiff agrees that there is Good Cause for a Protective Order so

7   as to preserve the respective interests of the parties without the need to further

8   burden the Court with such issues.  Specifically, the parties jointly contend that this

9   Stipulation and its associated Protective Order may avoid  harm to any alleged

10  privilege interests by permitting the parties to facilitate discovery with reduced risk

11  that privileged and/or sensitive/confidential information will become matters of

12  public record.

13        1.3.    The parties jointly contend that here, there is a particularized

14  need for protection as to any medical or psychotherapeutic records, because of the

15  privacy interests at stake therein.  Because of these sensitive interests, a Court Order

16  should address these documents rather than a private agreement between the parties.

17        1.4.    The parties therefore stipulate that there is Good Cause for, and

18  hereby jointly request that the honorable Court issue/enter, a Protective Order re

19  confidential documents consistent with the terms and provisions of this Stipulation.

20  ~~However, the entry of a Protective Order by the Court pursuant to this Stipulation~~

21  ~~shall not be construed as any ruling by the Court on the aforementioned legal~~

22  ~~statements or privilege claims in this section (§ 1), nor shall this section be~~

23  ~~construed as part of any such Court Order.~~

24     2.    <u>DEFINITIONS</u>

25     2.1    <u>Action</u>: *Valadez vs. County of Los Angeles*, Case No. 2:20-CV-03724

26  JWH (SK)

27     2.2    <u>Challenging Party</u>:  a Party or Nonparty that challenges the designation

28  of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement. This material includes, but is not limited to, medical records, psychotherapeutic records; as well as peace officer personnel records as defined by California Penal Code sections 832.8, 832.5, 832.7 and the associated case law; and other similar confidential records designated as such.

2.4   Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5   Designating Party:  a Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8   House Counsel:  attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   Nonparty:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

2.11   <u>Party</u>:  any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   <u>Producing Party</u>:  a Party or Nonparty that produces Disclosure or Discovery Material in this Action.

2.13   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (for example, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above) but also any information copied or extracted from Protected Material; all copies, excerpts, summaries, or compilations of Protected Material; and any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition is the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice, or (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any

1 | motions or applications for extension of time under applicable law.

2 |       5.    <u>DESIGNATING PROTECTED MATERIAL</u>

3 |      5.1    Each Party or Nonparty that designates information or items for

4 | protection under this Order must take care to limit any such designation to specific

5 | material that qualifies under the appropriate standards.  The Designating Party must

6 | designate for protection only those parts of material, documents, items, or oral or

7 | written communications that qualify so that other portions of the material,

8 | documents, items, or communications for which protection is not warranted are not

9 | swept unjustifiably within the ambit of this Order.

10 |      Mass, indiscriminate, or routinized designations are prohibited.  Designations

11 | that are shown to be clearly unjustified or that have been made for an improper

12 | purpose (for example, to unnecessarily encumber the case-development process or

13 | to impose unnecessary expenses and burdens on other parties) may expose the

14 | Designating Party to sanctions.

15 |      If it comes to a Designating Party's attention that information or items it

16 | designated for protection do not qualify for that level of protection, that Designating

17 | Party must promptly notify all other Parties that it is withdrawing the inapplicable

18 | designation.

19 |      5.2    Except as otherwise provided in this Order, Disclosure or Discovery

20 | Material that qualifies for protection under this Order must be clearly so designated

21 | before the material is disclosed or produced.

22 |      Designation in conformity with this Order requires the following:

23 |      (a)  for information in documentary form (for example, paper or electronic

24 | documents but excluding transcripts of depositions or other pretrial or trial

25 | proceedings), the Producing Party must affix at a minimum the legend

26 | "CONFIDENTIAL" to each page that contains Protected Material.  If only a portion

27 | or portions of the material on a page qualify for protection, the Producing Party

28 | must clearly identify the protected portion(s) (for example, by making appropriate

markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all material made available for inspection must be treated as "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

(b)  for testimony given in depositions, the Designating Party must identify the Disclosure or Discovery Material that is protected on the record, before the close of the deposition.

(c)  for information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrant protection, the Producing Party, to the extent practicable, must identify the protected portion(s).

5.3    If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for that material.  On timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Any Party or Nonparty may challenge a designation of confidentiality at any time consistent with the Court's scheduling order.

6.2     The Challenging Party must initiate the dispute-resolution process (and, if necessary, file a discovery motion) under Local Rule 37.

6.3     The burden of persuasion in any such proceeding is on the Designating Party.  Frivolous challenges, and those made for an improper purpose (for example, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties must continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of people and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a manner sufficiently secure to ensure that access is limited to the people authorized under this Order.

7.2     Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following people:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of that Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

1       (b)  the officers, directors, and employees (including House Counsel) of the

2 Receiving Party to whom disclosure is reasonably necessary for this Action;

3       (c)  Experts (as defined in this Order) of the Receiving Party to whom

4 disclosure is reasonably necessary for this Action and who have signed the

5 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6       (d)  the Court and its personnel;

7       (e)  court reporters and their staff;

8       (f)  professional jury or trial consultants, mock jurors, and Professional

9 Vendors to whom disclosure is reasonably necessary for this Action and who have

10 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

11       (g)  the author or recipient of a document containing the information or a

12 custodian or other person who otherwise possessed or knew the information;

13       (h)  during their depositions, witnesses and attorneys for witnesses to whom

14 disclosure is reasonably necessary, provided that the deposing party requests that the

15 witness sign the form attached as Exhibit A hereto and the witnesses will not be

16 permitted to keep any confidential information unless they sign the form, unless

17 otherwise agreed by the Designating Party or ordered by the Court.  Pages of

18 transcribed deposition testimony or exhibits to depositions that reveal Protected

19 Material may be separately bound by the court reporter and may not be disclosed to

20 anyone except as permitted under this Order; and

21       (i)  any mediator or settlement officer, and their supporting personnel,

22 mutually agreed on by any of the Parties engaged in settlement discussions or

23 appointed by the Court.

24       8.      <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u>

25 <u>PRODUCED IN OTHER LITIGATION</u>

26       If a Party is served with a subpoena or a court order issued in other litigation

27 that compels disclosure of any information or items designated in this Action as

28 "CONFIDENTIAL," that Party must

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**

(a)  promptly notify in writing the Designating Party. Such notification must include a copy of the subpoena or court order unless prohibited by law;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification must include a copy of this Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order should not produce any information designated in this action as "CONFIDENTIAL" before a determination on the protective-order request by the relevant court unless the Party has obtained the Designating Party's permission.  The Designating Party bears the burden and expense of seeking protection of its Confidential Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.   <u>A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)  The terms of this Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL."  Such information is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

(b)  In the event that a Party is required by a valid discovery request to produce a Nonparty's Confidential Information in its possession and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's Confidential Information, then the Party must

(1)  promptly notify in writing the Requesting Party and the Nonparty that

1  some or all of the information requested is subject to a confidentiality agreement

2  with a Nonparty;

3      (2)  promptly provide the Nonparty with a copy of this Order, the relevant

4  discovery request(s), and a reasonably specific description of the information

5  requested; and

6      (3)  make the information requested available for inspection by the Nonparty,

7  if requested.

8      (c)  If the Nonparty fails to seek a protective order within 21 days of receiving

9  the notice and accompanying information, the Receiving Party may produce the

10  Nonparty's Confidential Information responsive to the discovery request.  If the

11  Nonparty timely seeks a protective order, the Receiving Party must not produce any

12  information in its possession or control that is subject to the confidentiality

13  agreement with the Nonparty before a ruling on the protective-order request.

14  Absent a court order to the contrary, the Nonparty must bear the burden and expense

15  of seeking protection of its Protected Material.

16      10.  <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

17      If a Receiving Party learns that by inadvertence or otherwise, it has disclosed

18  Protected Material to any person or in any circumstance not authorized under this

19  Order, the Receiving Party must immediately notify the Designating Party in writing

20  of the unauthorized disclosures, use its best efforts to retrieve all unauthorized

21  copies of the Protected Material, inform the person or people to whom unauthorized

22  disclosures were made of the terms of this Order, and ask that person or people to

23  execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto

24  as Exhibit A.

25      ///

26      ///

27      ///

28      ///

11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR</u>
<u>OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    <u>MISCELLANEOUS</u>

12.1   Nothing in this Order abridges the right of any person to seek its modification by the Court.

12.2   By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3   A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may be filed under seal only pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.    <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60

days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, when appropriate) all the Protected Material that was returned or destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

14.   SANCTIONS

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

1   DATED:  December 2, 2021        Respectfully submitted,

2                                   **CARPENTER, ROTHANS &**
3                                   **DUMONT LLP**

4

5                                   By:  _____/s/ Caylin Jones_____
6                                        Jill Wiliams
                                         Caylin W. Jones
7                                        Attorneys for Defendants

8   DATED:  December 2, 2021        Respectfully submitted,
9
10                                  **PLC LAW GROUP, APC**

11

12                                  By:  _____/s/ Na'Shaun Neal_____
13                                       Na'Shaun Neal
14                                       Attorneys for Plaintiffs

15

16  **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

17

18  Dated: December 6, 2021         _____
19                                  HONORABLE STEVE KIM
                                    United States Magistrate Judge
20

21

22

23

24

25

26

27

28

Case No. 2:20-CV-3724 JAK (SK)
**STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____

[**full address**], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the U.S. District Court

for the Central District of California on [date] in the case of

_____

[**insert case name and number**]. I agree to comply with and to be bound by all

terms of this Stipulated Protective Order, and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment, including

contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the

Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [**full

name**] of _____ [**full address and

telephone number**] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

Case No. 2:20-CV-3724 JAK (SK)
**STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**